**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| SHAWNTELL CURRY, )<br>)<br>Petitioner, )<br>vs. )<br>)<br>MARK A. BEZY, Warden, )<br>)<br>Respondent. ) | No. 2:05-cv-229-RLY-WGH |

**Entry Discussing Petition for Writ of Habeas Corpus**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* In this case, petitioner Shawntell Curry ("Curry") has failed to make such a showing. Accordingly, his petition for a writ of habeas corpus must be **denied.** This conclusion rests on the following facts and circumstances:

1. Curry is confined within this District serving the executed portion of a sentence imposed by the United States District Court for the Northern District of Illinois following his convictions after trial by jury for conspiring to interfere with commerce through robbing several banks and a motel located in northern Illinois and southern Wisconsin, in violation of the Hobbs Act, 18 U.S.C. § 1951. *See United States v. Curry,* 187 F.3d 762 (7th Cir. 1999). In the present action, Curry challenges the validity of his convictions.

2. Ordinarily, an action pursuant to 28 U.S.C. § 2255 is the exclusive means for a federal prisoner to attack his conviction. *Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003); *Garza v. Lappin,* 253 F.3d 918, 921 (7th Cir. 2001). However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence in those cases where § 2255 is 'inadequate or ineffective to test the legality of [the] detention.' 28 U.S.C. § 2255 ¶ 5." *Id.* This is referred to in this Entry as the "savings clause." *Kramer.*

3. Curry previously sought relief pursuant to § 2255. The trial court's denial of that motion was affirmed on appeal in Curry v. United States, 125 Fed.Appx. 67 (7th Cir. March 8, 2005)(unpublished order).

4.	It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir. 1999). A remedy pursuant to § 2255 is "inadequate" when its provisions limiting multiple § 2255 motions prevent a prisoner from obtaining review of a legal theory that establishes the petitioner's actual innocence. *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002). This means that "the focus is on procedures rather than outcomes." *Id.* Two elements are necessary to make the required showing:

> [A petitioner] must first show that the legal theory he advances relies on a change in law that both postdates his first § 2255 motion (for failure to raise a claim the first time around does not render § 2255 "inadequate") and "eludes the permission in section 2255 for successive motions." *See In re Davenport,* 147 F.3d 605, 611 (7th Cir. 1998). Second, he must establish that his theory supports a non-frivolous claim of actual innocence. *See Taylor,* 314 F.3d at 835 ("Every court that has addressed the matter has held that § 2255 is 'inadequate or ineffective' only when a structural problem in § 2255 forecloses even one round of effective collateral review--and then only when as in *Davenport* the claim being foreclosed is one of actual innocence."); *see also Cooper v. United States,* 199 F.3d 898, 901 (7th Cir. 1999) ("A valid claim of actual innocence would be enforceable under § 2241 . . . if relief under [§ 2255] was not . . . available.").

*Kramer,* 347 F.3d at 217.

5.	Curry's custodian, the respondent here, argues that the circumstances required for invoking the savings clause have not been demonstrated. Curry contends otherwise, arguing that this court does have jurisdiction over his habeas claims.

6.	Curry's reasoning amounts to nothing more than stating that his habeas claims were not previously presented in his § 2255 action and hence they may be raised in a habeas proceeding under § 2241(c)(3). This assertion does not begin to address the demanding criteria of the savings clause. Despite Curry being physically present in this District, he is not entitled to proceed with his habeas claims. *See Jiminian v. Nash,* 245 F.3d 144, 147-48 (2d Cir. 2001) (§ 2241 relief not available because petitioner could have raised claim on direct appeal or in prior § 2255 attack, thus § 2255 remedy not inadequate or ineffective); *Longbehn v. United States,* 169 F.3d 1082, 1083 (7th Cir. 1999) (same).

Based on the foregoing, therefore, this action must be dismissed for lack of subject matter jurisdiction, and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   11/18/2005

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana